UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**DOUGLAS LEIGH HUGHES and**
**KAREN DIANN DAVIS HUGHES,**

      **Plaintiffs,**

v.                                        Case No. 2:19-cv-00037

**UNITED STATES OF AMERICA,**
**Acting Attorney General Matthew G. Whitaker,**
**STATE OF WEST VIRGINIA,**
**West Virginia Attorney General Patrick Morrisey,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

On January 11, 2019, the Clerk's Office received and docketed a Complaint filed by Douglas Leigh Hughes and Karen Diann Davis Hughes (ECF No. 1). The plaintiffs paid the applicable $400 filing fee. (*Id.*, Attach. 3). The convoluted Complaint generally alleges civil rights claims against the United States of America and the State of West Virginia arising out of federal and state policies limiting the availability of prescription opioid pain medication. The Complaint alleges that various federal and state government entities have relied upon flawed advisory guidelines proposed by the Centers for Disease

Control ("CDC") in enacting unspecified federal and state policies and legislative acts concerning opioid prescription monitoring programs, which limit prescribing and distribution of opioids and further allow the government to coerce medical providers to share sensitive patient data.[1]

The plaintiffs' Complaint alleges that the limitations placed on the availability of opioids violate the Fourth, Fifth and Fourteenth Amendment rights of various individuals who suffer from chronic pain. The plaintiffs further allege that these unspecified laws and policies have a disparate impact on veterans and other Americans with chronic or intractable pain disease. The most specific statement of the plaintiffs' claim states "[t]hese policies, the CDC opioid prescribing guidelines version 1.0, the VA/DoD opioid safety initiative version 3.0, the VA Mission Act 2018, and all Federal and State legislation stemming from the same are in violation of the Fifth and Fourteenth Amendments as the acts perpetrated by the agencies named are discriminatory in nature and harmful (potentially deadly) to the American people and to veterans who suffer from Chronic Pain

---

[1] The undersigned notes that the instant civil action is one of at least 16 other identical or substantially similar cases filed in federal courts around the country mounting challenges to limitations placed on the availability of prescription opioid medication. See *Colbert-Hock v. United States of America et al.*, No. 2-19-cv-43-JJT (D. Ariz. filed Jan. 4, 2019); *Martin v. United States of America et al.*, (W.D. Wash. filed Jan. 4, 2019); *Doherty v. United States v. America et al.*, No. 2-19-cv-18-SPC-UAM (M.D. Fla. filed Jan. 4, 2019); *Favero v. United States of America et al.*, No. 3-19-cv-78-WQH-BGS (S.D. Cal. filed Jan. 11, 2019); *Dawidowicz v. United States of America et al.*, No. 3-19-cv-510-MAS-TJB (D.N.J. filed Jan. 14, 2019); *Wilton v. United States of America et al.*, No. 5-19-cv-133-SL, 2019 WL 1545619 (N.D. Ohio Apr. 9, 2019); *Minerd-Massy v. United States of America et al.*, No. 1-19-cv-106-LJV (W.D.N.Y. filed Jan. 18, 2019); *Arrietta v. United States of America et al.*, No. 1-19-cv-55 (D.N.M. filed Jan. 18, 2019); *Kirkwood v. United States of America et al.*, No. 5-19-cv-77-R (W.D. Okla. filed Jan. 29, 2019); *Hix v. Whitaker et al.*, No. 6-19-cv-190-AA (D. Or. filed Feb. 7, 2019); *Toucheshawks v. United States of America et al.*, No. 4-19-cv-242 (E.D. Mo. filed Feb. 15, 2019); *Bazzy v. United States of America et al.*, No. 2-19-cv-10541-PDG-MKM (E.D. Mich. filed Feb. 22, 2019); *Knapp v. United States of America. et al.*, No. 1-19-cv-146-JTN-ESC (W.D. Mich. filed Feb. 25, 2019); *Wilson v. United States of America et al.*, No. 4-19-cv-7-RRB (D. Alaska filed Mar. 11, 2019); *Pierce v. United States of America et al.*, No. 4-19-cv-45-TWP-DML (S.D. Ind. filed Mar. 12, 2019); *Connors v. United States of America et al.*, No. 1-19-cv-993-GPG (D. Colo. filed Apr. 4, 2019); *Hull v. Whitaker*, No. 5:19-cv-00026-OLG-RBF (W.D. Tex. filed Jan. 11, 2019). As addressed in a separate Order, the plaintiffs in these other civil actions, along with a number of other individuals, both in and outside West Virginia, have attempted to intervene or join as plaintiffs herein.

Disease or Intractable Pain Disease (*inter alia*, the elderly, cancer patients, the disabled, minorities, and impoverished communities throughout America)." (ECF No. 1 at 27).

The defendants named in the Complaint are the United States of America and its former Acting Attorney General, Matthew Whitaker, and the State of West Virginia and its Attorney General, Patrick Morrisey. With respect to relief sought, the plaintiffs request that "all Americans be allowed to join this litigation against the state of West Virginia and the United States of America by submitting a 'Motion to Join' with this case number,"[2] that the court order the federal Drug Enforcement Administration ("DEA") to stop "persecuting licensed medical professionals and his/her patients by accessing state and federal databases which contain private medical information protected by Health Insurance Portability and Accountability Act of 1996 ["HIPAA"][3] thereby violating the Fourth Amendment. (*Id.*) The plaintiffs further request that pharmacy employees no longer be allowed to use "profiling" to determine who may or may not received controlled medications. (*Id.*) The Complaint also suggests that federal courts have jurisdiction under the Administrative Procedures Act to ensure that the policies and rules of various federal agencies are "in the best interest for all Americans." (*Id.* at 28).

Despite not being properly served with process, on February 4, 2019, the State of West Virginia and Attorney General Patrick Morrisey, by counsel, filed a Motion to Dismiss (ECF No. 18) and a Memorandum of Law in support thereof (ECF No. 19). The

---

[2] As addressed in a separate Order, the plaintiffs in the similar civil actions filed around the country, along with a number of other individuals, from both in and outside West Virginia, have attempted to intervene or join as plaintiffs herein. It is apparent from the filings herein, and the other similar matters filed around the country, that the Complaint and Motions to Join are forms being used by the group of people advocating for the relief sought herein.

[3] The undersigned notes that there is no private right of action under HIPAA. *See, e.g., Regan v. U.S. Dep't of Veterans Affairs*, 518 F. App'x 160, 2013 WL 1408761 (4th Cir. Apr. 9, 2013) (HIPAA does not provide a private right of action related to the amendment of protected health information).

Motion to Dismiss asserts that this federal court lacks subject matter jurisdiction over the Complaint, that the Complaint fails to state a claim upon which relief can be granted, and that the defendants have not been properly served with process.

On April 15, 2019, the plaintiffs filed additional documentation in support of their Complaint (ECF No. 42) and requested additional time to "complete our case."  However, because it is apparent from the face of the Complaint that this federal court lacks subject matter jurisdiction over the plaintiffs' claims, the Complaint must be dismissed.

## **STANDARD OF REVIEW**

A district court must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim.  Fed. R. Civ. P. 12(h)(3); *Duffield v. Memorial Hosp. Ass'n,* 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Medical Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez*, 210 F.3d 389 (10th Cir. 2000) (permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure).

Additionally, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true, and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case.  The Court wrote:

>Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *
>
>In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

556 U.S. at 678-79. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.* at 678.

## ANALYSIS

### A. This court lacks subject matter jurisdiction over the Complaint, which fails to state a claim upon which relief can be granted.

The plaintiffs' Complaint must be dismissed for several reasons. Most significantly, the court lacks subject matter jurisdiction over the plaintiffs' claims against the defendants. "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Thus, the "district court must look to the way the complaint is drawn to see if it is drawn so as to claim a right to recover under the Constitution and laws of the United States." *Bell v. Hood*, 327 U.S. 678, 681 (1946). The plaintiffs bear the burden of demonstrating subject matter jurisdiction.

To the extent that the Complaint alleges violations of federal constitutional provisions or other provisions of federal law, such claims are addressed under 42 U.S.C. § 1983, which provides in pertinent part:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . . .

42 U.S.C. § 1983. While not in itself a source of substantive rights, section 1983 provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To successfully establish a section 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a <u>person</u> acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)) [Emphasis added].

In *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court held that a State, including its agencies, and its officials acting in their official capacities, are not "persons" under § 1983. Furthermore, pursuant to the Eleventh Amendment to the United States Constitution, the power of the federal judiciary does not extend to suits by a citizen of one state against another, or to suits by a citizen against his or her own state. *Hans v. Louisiana*, 134 U.S. 1, 9 (1980). Absent consent or waiver, federal suits against a state by a citizen of that state or another state are prohibited by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 199 (1985); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). Thus, a state itself, and its officials in

their official capacity, may not be sued in federal court unless the state consents to such suit, or Congress has specifically waived such immunity in a federal statute. Section 1983 contains no such waiver, and the State of West Virginia has not consented to suit thereunder. Therefore, there is no jurisdictional basis for the instant suit against the State of West Virginia, or its Attorney General, Patrick Morrisey.

Nor is there a jurisdictional basis for such suit against the United States of America or its Attorney General. The United States of America acts under federal law. Thus, it and its officials are not subject to suit under section 1983, and are also subject to sovereign immunity, unless such immunity has been specifically waived. The Complaint herein does not explicitly rely upon any law under which Congress has specifically waived the sovereign immunity of the United States.[4] Moreover, persons who suffer from chronic pain are not a protected class under any federal statutory or constitutional authority relied on in the Complaint.

The Complaint also cites to the Administrative Procedures Act, 5 U.S.C. § § 701 *et seq.,* which provides an avenue to challenge a final agency action that exceeds the statutory authority vested in the agency by Congress. However, the plaintiffs have failed to identify any final agency action they believe to be unconstitutional or otherwise illegal and how they were specifically harmed by any such action. Thus, they have not alleged any cognizable cause of action for which they have standing to pursue.

Furthermore, in order to satisfactorily state a cognizable federal claim under Rule 8(a) of the Federal Rules of Civil Procedure, the plaintiffs must state specific factual allegations concerning the conduct of each defendant that provide a nexus between such

---

[4] On page 12 of the Complaint, the plaintiffs reference Title VII of the United States Civil Rights Act, 42 U.S.C. § 2000e. However, Title VII governs discrimination in employment and, thus, has no application whatsoever to this matter.

actions and the specific federal laws or constitutional provisions alleged to have been violated by each of those actions. The plaintiffs' allegations and requests for relief are too broad and conclusory to sufficiently state a claim for relief in this court. To the extent that the plaintiffs intended to allege claims against the Attorneys General of the United States and the State of West Virginia, the Complaint does not allege how any specific conduct of those individuals violated any specific federal authority or how those individuals may grant them any proper relief.

For all of these reasons, the undersigned proposes that the presiding District Judge **FIND** that the plaintiffs' Complaint fails to satisfactorily plead any basis for the federal subject matter jurisdiction of this Court and the Complaint fails to state a claim upon which relief can be granted herein.

### B. The defendants were not properly served with process.

Even if the presiding District Judge were to determine that the court does have subject matter jurisdiction herein, the plaintiffs' Complaint should be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure because the defendants were not properly served with process within 90 days after the Complaint was filed. Rule 4(m) of the Federal Rules of Civil Procedure stated as follows:

> Time Limit for Service - If service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added).

The United States Court of Appeals for the Fourth Circuit has interpreted Rule 4(m) to require dismissal of a complaint that has not been served upon a defendant within the Rule 4(m) period, absent a showing of good cause. *Mendez v. Elliot*, 45 F.3d 75, 78 (4th Cir. 1995). The return documents herein indicate that the plaintiffs <u>themselves</u> attempted to serve both the State of West Virginia and the United States of America, simply by sending each summons to the named Attorney General by certified mail.

When serving the United States or one of its officials as a defendant, a party must serve according to the specific requirements of Rule 4(i), which include service on the local United States Attorney or his or her designates and mailing a copy of the summons and the complaint to the Attorney General in Washington, DC. Fed.R.Civ.P. 4(i). Here, the plaintiffs, on their own, sent a summons, by certified mail, to the Attorney General of the United States; however, proper service may not be made by the parties themselves. Moreover, service was not made on the United States Attorney for the Southern District of West Virginia, but should have been done so by April 11, 2019. Thus, the plaintiffs failed to fulfill these requirements.

Likewise, with respect to the State of West Virginia, the rules do not provide for service by the plaintiffs by certified mail. Rather, Rule 4(j)(2) provides as follows:

> **(2) *State or Local Government.*** A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
> **(A)** delivering a copy of the summons and of the complaint to its chief executive officer; or
> **(B)** serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2). Even incorporating the Rule 4(d)(1)(D) of the West Virginia Rules of Civil Procedure, which does allow for service of process by certified mail <u>when sent by the Clerk of Court</u>, the plaintiffs still failed to properly effectuate such service by April 11,

9

2019, because they sent the certified mail on their own, rather than engaging the Clerk's Office to initiate the certified mailing.

Accordingly, absent all other bases for dismissal discussed herein, the undersigned proposes that the presiding District Judge **FIND** that the plaintiffs' Complaint is subject to dismissal, without prejudice, pursuant to Rule 4(m).

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the Complaint (ECF No. 1) and this civil action, without prejudice, and that the Motion to Dismiss filed by the State of West Virginia and Attorney General Patrick Morrisey (ECF No. 18) be **DENIED WITHOUT PREJUDICE**.

The plaintiffs are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b)(2), Federal Rules of Civil Procedure, the plaintiffs shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S.

140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Copenhaver.

    The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiffs.

<u>June 14, 2019</u>

                                                                   Dwane L. Tinsley
                                                                   United States Magistrate Judge