```
           UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

DOUGLAS LEIGH HUGHES and
KAREN DIANN DAVIS HUGHES,

      Plaintiffs,

v.                            Civil Action No. 2:19-cv-00037

UNITED STATES OF AMERICA,
Acting Attorney General Matthew
G. Whitaker, STATE OF WEST
VIRGINIA, West Virginia Attorney
General Patrick Morrisey,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge for submission of his Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). In his June 14, 2019 PF&R, the magistrate judge accurately summarized plaintiffs' complaint: "The . . . Complaint generally alleges civil rights claims against the United States of America and the State of West Virginia arising out of federal and state policies limiting the availability of prescription opioid pain medication." ECF No. 46, at 1.

The magistrate judge recommends that this complaint and civil action be dismissed without prejudice inasmuch as "it is apparent from the face of the Complaint that this federal

court lacks subject matter jurisdiction over the plaintiffs' claims."  Id. at 4, 8.[1]  The magistrate judge further recommends that the motion to dismiss filed by the State of West Virginia be denied without prejudice.

Pursuant to the recommended dismissal of the underlying complaint, the magistrate judge ordered that the remaining motions by non-party individuals seeking to join the complaint be denied without prejudice.  ECF No. 47

On July 1, 2019, as time to file objections was about to expire, plaintiffs requested a 45-day extension of time to file objections to the magistrate judge's PF&R.  ECF No. 51.  On July 3, 2019, the court granted plaintiffs' request to the extent that plaintiffs were directed to file any objections by July 23, 2019.  ECF No. 52.  On July 22, 2019, plaintiffs filed, instead, an amended complaint as well as an "Overview" of their amended complaint.  ECF Nos. 53, 54.  Also on July 22, 2019, plaintiffs filed another document entitled "July 20, 2019 Amended Complaint Motions of the Plaintiffs in Complaint 2:2019-

---

[1] The magistrate judge further found that if this court determines that it does have subject matter jurisdiction, the plaintiffs' complaint should be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure "because the defendants were not properly served with process."  ECF No. 46, at 8.  However, such a dismissal occurs only after notice to the plaintiffs as set forth in Rule 4(m).

cv-00037." ECF. No. 55. No objections by plaintiffs were filed.

Had objections been filed, "[t]he Federal Magistrates Act requires a district court to 'make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis in original) (quoting 28 U.S.C. 636(b)(1)).

Here, instead of objecting to any portion of the magistrate judge's PF&R, the plaintiffs filed an amended complaint, an "Overview," and "Motions of the Plaintiffs in Complaint" seeking restraining orders against various entities and other injunctive relief. It was plaintiffs' obligation to raise specific written objections to the PF&R, which they have neglected to do.

Accordingly, the magistrate judge having found and recommended that the original complaint be dismissed without prejudice for lack of subject matter jurisdiction as assigned in the PF&R and that the State of West Virginia's motion to dismiss be denied without prejudice; and no specific written objection to those findings and recommendations having been filed; it is ORDERED that the findings and recommendations made in the PF&R

of the magistrate judge be, and they hereby are, adopted by the court and incorporated herein.

It is therefore, ORDERED that the plaintiffs' original complaint be, and it hereby is, dismissed without prejudice for lack of subject matter jurisdiction.[2] It is further ORDERED that the State of West Virginia's motion to dismiss be, and it hereby is, denied without prejudice. It is further ORDERED that this case and the plaintiffs' amended complaint, filed July 22, 2019, be, and hereby is, again referred to the magistrate judge under 28 U.S.C. § 636.

The Clerk is directed to forward copies of this written opinion and order to the plaintiffs, all counsel of record, and the United States Magistrate Judge.

ENTER: August 8, 2019

John T. Copenhaver, Jr.
Senior United States District Judge

---

[2] It is further ORDERED that the motion by Dennis Shivers to join the complaint, filed June 17, 2019 be, and it hereby is, denied without prejudice.